IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEPHEN MCVANEY, ) | CASE NO. 5:22 CV 1662 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| LINCOLN NATIONAL LIFE ) | |
| INSURANCE COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, through counsel, filed an application to commence suit without prepayment of fees in the above-captioned action. (Doc. No. 2.) For the following reasons, the application is denied.

Federal courts have the power under 28 U.S.C. § 1915 to authorize commencement of civil actions *in forma pauperis* ("IFP"). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir.1981). An indigent litigant seeking to proceed IFP must file an affidavit with a statement of assets and liabilities that demonstrates his or her inability to pay fees. *See* 28 U.S.C. § 1915(a)(1). If the Court grants the motion to proceed IFP, the litigant is excused from prepayment of filing fees. *Id.*

A litigant need not be absolutely destitute to enjoy the benefit of proceeding IFP. *Adkins*

*v. E.I. DuPont de Nemours, Inc.*, 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948). *See also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000). An affidavit to proceed IFP is sufficient if it demonstrates that the litigant cannot, because of his or her poverty, afford to pay for costs of litigation and still provide himself and his family the necessities of life. *Adkins*, 335 U.S. at 339.

Proceeding IFP is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the Court. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir.1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010). In determining IFP eligibility, Courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets the person may possess. *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D.Pa. Apr.18, 2006). Assets include equity in real estate and automobiles. *United States v. Valdez*, 300 F.Supp.2d 82, 84 (D.D.C.2004). In addition, the Court may consider other financial resources, including the resources that could be made available from the applicant's spouse, or other family members. *Helland v. St. Mary's Duluth Clinic Health System*, No. 10–31 (RHK/RLE), 2010 WL 502781, at *1, n. 1 (D.Minn. Feb.5, 2010).

In this case, Plaintiff indicates that his monthly income is $2,554, and that he has an ownership interest in his house valued at $140,000. (Doc. No. 2 at 2.) In addition, Plaintiff indicated that he has no dependents. (Doc. No. 2 at 2). His expenses total $ 2,285, leaving him with $270 each month after payment of all of his financial obligations and providing life's necessities. In light of these assets, Plaintiff has not demonstrated that, because of his poverty, he is unable to pay for the costs of his litigation and still provide for himself. His access to the court

is not blocked by his financial condition, but rather he is properly in the position of having to weigh the financial constraints posed by pursuing his complaint against the merits of his claims.

Accordingly, Plaintiff's application to commence suit without prepayment of fees (Doc. No. 2) is denied. Plaintiff must pay the filing fee for the initiation of this action within thirty (30) days or this action will be dismissed without further notice for failure to prosecute.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: _September 26, 2022_